JOHN A. LONG ET AL. *v.* GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD.

SUPERIOR COURT      NEW LONDON COUNTY      FILE No. 38560

Memorandum filed October 14, 1971

*Kalenak & Axelrod,* of Groton, for the plaintiffs.

*Valentino D. Clementino,* of Hartford, for the defendant.

BOGDANSKI, J.  This action was originally instituted to seek a declaratory judgment regarding the interpretation of an "uninsured motorist" clause in the policy issued the plaintiffs by the defendant. After a demurrer was filed to the complaint by the defendant and argued before the court *(Shea, J.),* a second count was added seeking to compel arbitration between the parties. Thereafter, the plaintiffs filed a motion for a summary judgment which was argued and briefed before this court on September

23, 1971, at which time it was agreed by the parties that the issues as to arbitration could be considered by the court, as it was by counsel, on the motion for summary judgment.

The complaint alleges that the defendant issued an automobile liability policy which provided uninsured motorist's coverage for the plaintiffs when their automobile was involved in a collision with an automobile operated by one McArdle in the state of New York. The McArdle vehicle was covered by a $10,000/$20,000 liability insurance policy in conformity with the financial responsibility law of New York, where McArdle resided but insufficient to meet the $20,000/$20,000 requirements of Connecticut. General Statutes § 14-117 (c). It is alleged that the defendant has refused to arbitrate the claims of the plaintiffs for bodily injuries until there has been a determination of whether the claims of the plaintiffs exceed the limits of the policy covering the McArdle vehicle.

If the plaintiffs are required to allege claims in excess of the $10,000/$20,000 in order to be entitled to arbitration, it follows that the defendant is privileged to deny that allegation and the court must try the issue. The court's determination of the value of the claim, a necessarily expensive and time consuming procedure, would serve no useful purpose except to determine whether arbitration ought to be held. The result would not bind either party in the arbitration proceeding or in any subsequent suit against McArdle. Such a useless expenditure of judicial time would be warranted only where the applicable terms of the insurance policy clearly required such a consequence.

In fact, the language of the policy, under part IV, protection against uninsured motorists, subparagraph (b), militates to the contrary. Furthermore,

the "trust agreement" provision of the policy appears adequate to protect the defendant in its subrogation rights against the uninsured motorist. The plaintiffs may be directed, at company expense, to proceed with the action against McArdle, that litigation being within its control once it has made payment of the arbitration award in settlement.

It should also be noted that the company would not be bound by any judicial determination of the value of the plaintiffs' claims in which it did not join. Therefore, even if these plaintiffs already had recovered judgments in excess of the policy limits, the defendant would not be precluded from raising the very claim asserted here and forcing an additional trial of that issue. Obviously, a further litigation of that issue would take place at arbitration.

The uninsured motorist provision, if it is to achieve its salutary purpose, should not compel the claimant to incur the considerable expense of presenting his claim more than once. The defendant's claim, if adopted, requires that the plaintiffs bear the expense twice.

The summary judgment is granted, and an order may issue compelling arbitration.